IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

MARK F. COBLE,

    Plaintiff,

    v.                                                     CIV No. 14-00910 WJ/KBM

NATIONSTAR MORTGAGE, LLC,
JASON YEAGER, CARLOS ALBO,
SONIA PASILLAS, ELIOT ROBINSON,
MEGAN STIMSON, SONYA BROOKS,
AMADA SMITH and DOES,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DISMISSING COMPLAINT WITH PREJUDICE**

THIS MATTER comes before the Court upon a Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) filed on October 15, 2014 by Defendants First Tennessee Bank National Association ("First Tennessee") and Nationstar Mortgage, LLC ("Nationstar") ("Defendants") **(Doc. 4)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendants' motion is well-taken and, accordingly, it is GRANTED.

BACKGROUND

Plaintiff, who is proceeding pro se, alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") in connection with servicing his mortgage and with his disputes over amounts owed. The Complaint was filed in the First Judicial District, County of Santa Fe on July 11, 2014, and removed by Defendants to federal court on October 8, 2014. Defendants seek dismissal of Plaintiff's federal and state law claims, and in doing so, request that the Court take judicial notice of additional facts, namely a prior lawsuit filed by Plaintiff in the United States District Court for the District

of New Mexico, *Coble v. Nationstar Mortgage, LLC, et al.,* Civil No. 12-00178 LH/WDS.  That case, filed on February 27, 2012 ("Prior Lawsuit") asserted claims against Nationstar and several of its employees under the FDCPA and the FCRA.  Ex. 1.

Plaintiff's Prior Complaint alleged that he mailed several letters to Nationstar in 2011 and 2012, requesting validation of his mortgage loan debt, warning Nationstar not to report inaccurate information to any third parties, and disputing the validity of the transfer of his loan from the original lender, First Horizon Home Loans, a Division of First Tennessee Bank, N.A., to Nationstar.  Ex. 1 (Prior Complaint), ¶¶ 15, 17, 19, 23, 26, 27, 32-35.  The tenor of the allegations in the Prior Complaint is that Nationstar improperly sought to collect his debt on the subject loan; failed to validate the amount of his debt, and falsely represented the character and amount of his debt to creditors.

On May 14, 2012, Nationstar and the other defendants moved for judgment on the pleadings, requesting that Plaintiff's claims be dismissed with prejudice.  *See* Ex. 2.  Plaintiff responded to the motion on May 29, 2012.  Ex. 3.  On November 1, 2011 the Court issued a Memorandum Opinion and Order dismissing Plaintiff's Prior Complaint. Ex. 4.   In dismissing Plaintiff's FDCPA claim, the court found that Plaintiff had failed to allege that Nationstar acquired the loan after Plaintiff defaulted under the loan, as required to state a claim under the FDCPA. Ex. 4 at 8.  Further, the Court found that, "according to the Complaint and the documents that Plaintiff attached thereto, Defendant Nationstar began servicing Plaintiff's loan in July of 2011 . . . , and Plaintiff defaulted on the loan thereafter, in September of 2011. . . ." Similarly, the Court dismissed Plaintiff's FCRA claim because he had not alleged that he notified a consumer reporting agency of his dispute, as required to state a claim under FCRA. *See* Ex. 4, p. 11 ("Plaintiff's Complaint does not include an assertion, or even an inference, that

2

Plaintiff disputed any information with a consumer reporting agency. Instead, Plaintiff alleges that he notified Defendants directly that he disputed the subject debt."). On November 1, 2011, the Court entered a final judgment against Plaintiff and in favor of Nationstar and the other defendants. *See* Ex. 5 ("Final Judgment").

## DISCUSSION

### I.     Legal Standard

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's burden to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a plaintiff's complaint must set forth more than a threadbare recital "of the elements of a cause of action, supported by mere conclusory statements"). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 545, 127 S.Ct. 1955 (citation omitted). Further, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *Id.; Mink v. Knox*, 613 F.3d 995 (10th Cir.2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007).

**II.       Federal Claims**

Defendants move for dismissal of Plaintiff's federal claims because (1) they are barred by *res judicata* and issue preclusion; (2) Defendants are not "debt collectors" under the FDCPA; and (3) Plaintiff has not alleged that he raised a dispute with a credit reporting agency, which is required under FCRA.

A.       <u>*Res Judicata*</u>

Defendants contend that Plaintiff's federal claims under both the FDCPA and FCRA fail as a matter of law because they are barred by the doctrine of *res judicata*, which requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the Plaintiff must have had a full and fair opportunity to litigate the claim. All of these requirements are satisfied here.

First, the Prior Lawsuit ended with a judgment on the merits. *See* Ex. 5 ("Final Judgment"); *see also* Fed.R.Civ.P. 41(b) (any dismissal not under this rule, with jurisdictional exceptions, "operates as an adjudication on the merits"). Second, the parties here are either identical and/or in privity. Defendant First Tennessee is in privity with Nationstar because it is Nationstar's predecessor in interest. As found in the Prior Lawsuit, Plaintiff obtained a mortgage loan from "First Horizon Home Loans, a Division of First Tennessee Bank, N.A. in March 2008, and the loan was subsequently transferred to Nationstar in July 2011. *See* Ex. 4 at 2 (citing prior complaint). Plaintiff's claims in the Prior Lawsuit were also based on his challenges concerning the validity of this transfer. Therefore, the second requirement of privity is satisfied. *See Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1280 (10th Cir. 1989) ("Privity may exist if parties have a successive relationship to the same property."); *Collins v. BAC Home*

*Loans Servicing LP*, 912 F. Supp. 2d 997 (D. Colo. 2012) (finding that a defendant bank was in privity with its predecessor for res judicata purposes as to a prior action filed by the Plaintiff borrower against the bank based on its foreclosure efforts).

The third requirement is also met because the causes of action in the Prior Lawsuit also allege violations of the FDCPA and FCRA, and those claims were based on the same transactional facts as those alleged in this case. *See Vasquez v. Leavitt*, 69 F.3d 549 (10th Cir. 1995) (where causes of actions in two complaints arise out of the same transactional facts, they are therefore based on the same cause of action); *see May v. Parker-Abbott Transfer & Storage, Inc.*, 899 F.2d 1007, 1009-10 (10th Cir.1990) (transactional approach used in determining what constitutes a single cause of action). Both the Prior Lawsuit and this case are based on Plaintiff's allegations concerning correspondence between himself and representatives of Nationstar in 2011 and 2012 which involved the request for validation of his mortgage loan debt, and Nationstar's alleged subsequent failure to validate Plaintiff's debt, cease its collection activity, and report Plaintiff's disputes to the credit bureaus. Last, Plaintiff had a full and fair opportunity to litigate his claims in the prior suit. He had an opportunity to respond to Defendant's Motion for Judgment of the Pleadings, which would be dispositive of all his claims in the Prior Lawsuit.

Therefore, Plaintiff's FDCPA and FCRA claims are barred by the doctrine of *res judicata* and shall be dismissed

B.  Plaintiff's FDCPA Claim Fails Because Defendants Are Not Debt Collectors

As an additional argument, Defendants contend that Plaintiff's FDCPA claim fails as a matter of law because Nationstar and First Tennessee are not "debt collectors," as required to state a claim under the statute.

The FDCPA, 15 U.S.C. § 1692, was enacted "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010) (citing 15 U.S.C. § 1692(e)). The Act regulates "debt collectors," and creates a private cause of action against debt collectors who do not comply with the FDCPA.  15 U.S.C. § 1692k.   Courts have consistently held that a "debt collector" under the FDCPA "does not include a creditor, mortgage servicing company, or assignees of the debt if the entity acquired the loan before it was in default." *Kohout v. Bank of America Home Loans, N.A.*, 2011 WL 3798222, at *3 (D. Colo. 2011) (citing *Perry v. Stewart Title Co*., 756 F.2d 1197, 1208 (5th Cir. 1985*)); see also Mondonedo v. Sallie Mae, Inc*., 2009 WL 801784, at *5 (D. Kan. 2009) ("The evidence is clear that Sallie Mae is a loan servicer who obtained the loans originated by Wells Fargo for servicing prior to default and is exempt from liability under the FDCPA.").  Plaintiff's complaint contains no allegations that either First Tennessee or Nationstar acquired the mortgage loan at issue after it was in default, in which instance Defendants could have been considered debt collectors under the FDCPA.   In fact, the documents attached to Plaintiff's prior complaint and the findings of the Court in the Prior Lawsuit, show exactly the opposite: first, the documents attached to Plaintiff's prior complaint showed that First Tennessee acquired its interest in the subject loan several years *prior* to Plaintiff's default in September 2011, as the loan was originated by "First Horizon Home Loans, a Division of First Tennessee Bank, N.A." in March 2008.   *See* Ex. 4, Opinion and Order, p. 2 (citing Doc. 1-1, Ex. Q to prior complaint).   Also, the Court's Memorandum Opinion and Order dismissing the Prior Lawsuit expressly found that Nationstar began servicing Plaintiff's loan in July 2011,

Defendant contends, and the Court agrees, that Plaintiff is also precluded from relitigating issues raised in the Prior Lawsuit under the doctrine of collateral estoppel or issue preclusion. *See Park Lake Res. Ltd. Liab. v. U.S. Dep't Of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004) ("[I]ssue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."). Issue preclusion applies in the following circumstances:

(1) the issue previously decided is identical with the one presented in the action in question;

(2) the prior action has been finally adjudicated on the merits,

(3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication; and

(4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.* The instant lawsuit satisfies all of the above requirements: (1) the issues decided by the court in the Prior Federal Case concerning whether Nationstar was a "debt collector" are identical to those presented here, *see* Ex. 4 at 8; (2) as discussed above, the Prior Federal Case was finally adjudicated on the merits as a result of the court's Opinion and Order granting the Motion for Judgment on the Pleadings; (3) the doctrine is being invoked against Plaintiff, who was also the Plaintiff in Prior Federal Case, and (4) as explained above, Plaintiff had a full and fair opportunity to litigate, and did in fact litigate, these issues in his response to the Motion for Judgment on the Pleadings.

Accordingly, Plaintiff's Complaint fails to state a claim for relief under the FDCPA, and this claim shall be dismissed on these grounds as well.

c.      <u>FCRA Claim Fails as Matter of Law</u>

In addition to being precluded by the doctrine of *res judicata,* Plaintiff's FCRA claim fails because Plaintiff has not fulfilled the requirements to be able to proceed under that statute.

Plaintiff alleges in his second and third claims that Nationstar, and its employees, violated FCRA because "Defendant failed to report dispute of alleged claim to credit bureaus as is required under the FCRA." Complaint, ¶ 17.  Under FCRA, when a furnisher of credit information receives notice of a dispute from a consumer reporting agency ("CRA"), the furnisher must (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable. See 15 U.S.C. § 1681s-2(b); *see also Pinson v. Equifax Credit Info. Servs., Inc*., 316 Fed. Appx. 744, 750-751 (10th Cir. 2009).  However, these duties "'arise only after the furnisher receives notice of a dispute from a CRA; *notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)*. Id.* at 751 (quoting *Gorman v. Wolpoff & Abramson, LLP,* 552 F.3d 1008, 1014 (9th Cir. 2009) (emphasis supplied in original).

Because Plaintiff does not allege that he ever raised a dispute with any of the three credit reporting agencies, Plaintiff's claim may be dismissed on this basis alone.  Instead, Plaintiff alleges that he notified Nationstar *directly* that he disputed his debt. Compl., ¶ 8.  *See Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d [1138,] 1147 (10th Cir.2012) (holding that a district court properly dismissed a Plaintiff's FCRA claim because the Plaintiff did not allege notification of the dispute to a CRA); *Pinson,* 316 Fed.Appx. at 751 (holding that Plaintiffs failed to state a claim for relief under the FCRA because they alleged only that they notified a furnisher—not a

CRA—of a dispute).  There is no allegation anywhere in the complaint that Plaintiff notified a CRA of his alleged dispute, or that a CRA notified Defendants of a dispute.   Plaintiff's prior complaint in the Prior Lawsuit suffered the same infirmity, and the FCRA claim in that lawsuit was dismissed on that very basis.  *See* Ex. 4, Mem. Opin. & Order at 11-12 (dismissing Plaintiff's FCRA claim because: "Plaintiff's Complaint does not include an assertion, or even an inference, that Plaintiff disputed any information with a consumer reporting agency. Instead, Plaintiff alleges that he notified Defendants *directly* that he disputed the subject debt.") (emphasis in original).

Accordingly, Plaintiff's FCRA shall be dismissed for failure to satisfy a threshold requirement in alleging a claim under that statute.

## III.   State Law Claims

Defendants request dismissal of Plaintiff's state law claims on the basis that they fail to state a claim.  Alternatively, Defendants urge the Court to decline to exercise jurisdiction over the state claims following the dismissal of Plaintiff's federal claim.

Plaintiff asserts various inchoate allegations against Defendants, claiming that they called Plaintiff in a harassing manner; negligently trained and supervised their debt collector employees; and defamed him by publishing untrue statements about him.   The Court declines to exercise supplemental jurisdiction over these claims under 28 U.S.C. §1367(c).  *See Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998) (when all federal claims have been dismissed, the court . . . "usually should decline to exercise jurisdiction over any remaining state claims"); *United States v. Botefuhr*, 309 F.3d 1263, 1273–74 (10th Cir. 2002) (("Absent a showing of some extraordinary circumstances, 'a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly

9

when the federal claims are dismissed before trial.'"). Accordingly, these claims are dismissed without prejudice.

## CONCLUSION

In sum, the Court finds and concludes that Plaintiff is precluded from relitigating his federal claims. In addition, his FDCPA claims fail as a matter of law because Nationstar and First Tennessee are not "debt collectors" under the statute, and his FCRA claim fails because there is no allegation that he reported the dispute according to the requirements under the FCRA. Thus, the federal claims are DISMISSED WITH PREJUDICE.

The Court also finds and concludes that Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE, based on the Court's decision to decline to exercise supplemental jurisdiction over those claims.

Finally, the Court denies Defendants' request for attorney's fees and costs. Defendants do not contend that they are entitled to fees and costs under any statute, and the default under the American Rule is that a prevailing litigant "is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *cmp. Bennett et al v. Coors Brewing Co.,* 189 F.3d 1221, unpubl. opin. (10th Cir. 2008) (exceptions to the American Rule are (1) where the parties have entered a contract that shifts attorneys' fees and (2) where a statute provides for fee shifting). However, the Court has the inherent power to sanction a party in order to manage the Court's affairs and "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991). Plaintiff is cautioned that should he decide to file this lawsuit yet another time, the Court would consider imposing sanctions against him for wasting this Court's judicial resources and causing delay in the management and disposition of other cases as

a result of the Court's having to address the same matters that he has raised herein.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) **(Doc. 4)** is hereby GRANTED in that Plaintiff's federal claims are DISMISSED WITH PREJUDICE; Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE on the basis that the Court declines to exercise supplemental jurisdiction over them;

**IT IS FURTHER ORDERED** that Defendants' request for attorney's fees and costs is hereby DENIED.

An Order of Judgment will be entered separately.

_____
UNITED STATES DISTRICT JUDGE